IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jaime Lynn Risner ) | Civil Action No.: 8:19-753-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Andrew Saul, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Jaime Lynn Risner's ("Plaintiff") claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C.  In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision.  Plaintiff filed objections to the Report, to which the Commissioner filed a response, and Plaintiff filed a reply to the Commissioner's response.  *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy).  For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

## **BACKGROUND**

Plaintiff filed an application for DIB in September of 2015 and an application for SSI

in May of 2016, both alleging a disability onset date of August 12, 2015.[1] Plaintiff's claims were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on January 5, 2018. On April 17, 2018, the ALJ issued a decision denying Plaintiff's claim. The Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on March 12, 2019.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the

---

[1] Plaintiff previously filed an application for DIB on September 2, 2010, alleging a disability onset date of May 14, 2020. The ALJ issued a decision on May 17, 2012, finding that Plaintiff was not under a disability from May 14, 2020, through May 17, 2012. On May 25 and 30, 2012, Plaintiff filed another application for DIB and for SSI, respectively, both alleging disability beginning on June 10, 2013. The ALJ issued a decision on August 11, 2015, the day before the alleged disability onset date in this case, finding that Plaintiff was not under a disability from June 10, 2013, through August 11, 2015.

Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I.   The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to

> determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c)  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 12, 2015, the alleged onset date.  Next, the ALJ determined that Plaintiff has the following severe impairments: diabetes mellitus, chronic obstructive pulmonary disease, obstructive sleep apnea, obesity, degenerative disc disease, degenerative joint disease of the knees, migraine headaches, bilateral carpal tunnel syndrome, depression, and anxiety.  The ALJ also found that Plaintiff has non-severe impairments of peripheral neuropathy, gastroesophageal reflux disease, and hypertension. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in

20 C.F.R. Part 404, Subpart P, Appendix 1.  With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except that Plaintiff can occasionally operate foot controls; never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; frequently handle and finger with the non-dominant left upper extremity; have occasional exposure to pulmonary irritants but no exposure to workplace hazards; be limited to simple, routine tasks performed two hours at a time, no fast-paced production rate, and only simple work-related decision; be exposed to few, if any, changes in the work setting; and have no interaction with the public and occasional interaction with coworkers.  Based on this RFC, the ALJ determined at step four that Plaintiff was unable to perform her past relevant work as a customer service representative, data entry clerk, general office clerk, furniture delivery driver, machine operator, and general cashier.  However, considering Plaintiff's age, education, work experience, RFC, and the testimony of a vocation expert, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform.  Accordingly, the ALJ found that Plaintiff was not under a disability as defined by the ACT from August 12, 2015, through the date of the decision.

**II.     The Court's Review**

In this action, Plaintiff asserts that substantial evidence does not support the ALJ's decision because the ALJ found migraines and obesity to be severe impairments but failed to account for any limitations caused by those impairments when determining Plaintiff's RFC.

The Magistrate Judge considered Plaintiff's claims and ultimately found that the ALJ

adequately discussed the evidence in the record and addressed each function for which she found Plaintiff had limitations. The Magistrate Judge quoted extensively from the ALJ's decision and noted that the ALJ relied in part on a prior decision that denied Plaintiff's application for benefits, which decision was dated August 11, 2015, the day before the alleged onset date in this action. Specifically, the Magistrate Judge noted that the ALJ gave great weight to the prior conclusion that Plaintiff could perform less than sedentary work based on the following severe impairments: chronic obstructive pulmonary disease; obstructive sleep apnea; diabetes; obesity; depression; and anxiety. (*See* ECF No. 10-2 at 25.)

Overall, the Magistrate Judge found that the ALJ sufficiently explained her decision to permit the Court to track the ALJ's reasoning, and the Magistrate Judge determined that Plaintiff failed to direct the Court to any evidence that the ALJ failed to consider or improperly summarized. With regard to Plaintiff's migraines, the Magistrate Judge noted that the ALJ acknowledged Plaintiff's complaint of frequent migraines, but the ALJ explained that Plaintiff was able to manage them with medication, citing medical records showing that Plaintiff was tolerating low doses of Topamax. With respect to the effect of Plaintiff's obesity on her orthopedic problems, the Magistrate Judge noted that the ALJ acknowledged new arthritic conditions but only minimal findings in the medical records to show the need for additional limitations. The Magistrate Judge explained, "[a]lthough the ALJ could have expressly stated that she considered Plaintiff's obesity in assessing her limitations, she considered the record evidence from treating medical professionals who were aware of Plaintiff's obesity and found she had mild changes in range of motion at the cervical and lumbar spine and mild changes in both the right and left knees." (ECF No. 17

at 23.)  As such, the Magistrate Judge found any error in that regard to be harmless.

Plaintiff objects to the Magistrate Judge's finding of no error in the ALJ's partial reliance on the prior decision that found Plaintiff not to be disabled.  Plaintiff points out that the prior decision did not consider migraine headaches to be a severe impairment and asserts that the ALJ failed to make any findings as to the frequency, severity, and duration of Plaintiff's migraines, or how they otherwise affect her ability to work.  Likewise, Plaintiff objects to the Magistrate Judge's findings regarding the ALJ's consideration of Plaintiff's obesity in light of other severe impairments not found in the prior decision on which the ALJ partially relied, namely, degenerative disc disease, joint disease of the knees, and bilateral carpal tunnel syndrome.  Plaintiff states:

> As with Risner's migraine headaches, the ALJ gave great weight to the prior ALJ's findings regarding Risner's work activities, despite finding new impairments that were not considered in the prior ALJ decision.  As noted above, a finding regarding the limitations Risner's impairments caused would only be entitled to significant weight if the prior determination considered the same evidence.  As the ALJ found that Risner now has four severe impairments that she did not have at the time of the prior decision, the prior determination of her limitations is obviously inapplicable.

(ECF No. 18 at 5.)

After review, the Court is not convinced by Plaintiff's objections.  As the Magistrate Judge explained, the ALJ gave great weight to the previous decision, which was decided one day prior to the current alleged onset date, and the ALJ explained that the prior RFC determination was based on the severe impairments of chronic obstructive pulmonary disease, obstructive sleep apnea, diabetes, obesity, depression, and anxiety. Although the ALJ added the severe impairments of migraines, degenerative disc disease, joint disease of the knees, and bilateral carpal tunnel syndrome, the ALJ explained that "subsequently

7

submitted evidence does not indicate a significant progression in symptoms that would preclude performance of work within the confines of the [prior decision's] residual functional capacity." (ECF No. 10-2 at 24.) As the Magistrate Judge explained, the ALJ clearly considered Plaintiff's migraine headaches and her testimony regarding their intensity, persistence, and limiting effects of her migraines, but the ALJ pointed to medical evidence indicating that Plaintiff "is able to keep them at bay with medications," also noting that Plaintiff was tolerating low doses of Topamax. (*Id.* at 25.) It is simply not this Court's role to second guess the ALJ's findings in this regard or to reweigh the evidence. The Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's consideration of Plaintiff's migraine headaches.

Likewise, with respect to the ALJ's consideration of Plaintiff's obesity in light of the additional severe impairments of degenerative disc disease and joint disease of the knees, the Court agrees with the Magistrate Judge that, although the ALJ could have been more specific, the ALJ clearly explained that Plaintiff's new arthritic conditions were supported by minimal medical findings and did not warrant additional restrictions in Plaintiff's RFC assessment. Moreover, to the extent the ALJ erred by failing to specifically state that she considered the effect of Plaintiff's obesity on her new arthritic conditions, it is clear that the ALJ relied on evidence from treating medical professionals who were aware of Plaintiff's obesity and who found that Plaintiff had only mild changes in her range of motion at the cervical lumbar spine and mild changes in both the right and left knees. Thus, the Court agrees with the Magistrate Judge that any error in this regard would be harmless. *See Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004) (finding error harmless where the ALJ did not address the claimant's obesity but did adopt "the limitations suggested by the

specialists and reviewing doctors" who were aware of the condition). Finally, the Court notes that Plaintiff fails to point to any evidence showing that the impact of her obesity on the new arthritic conditions warrants greater restrictions in her RFC than those found by the ALJ.

## **CONCLUSION**

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 17) is adopted in full and specifically incorporated herein; Plaintiff's objections (ECF No. 18) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

September 15, 2020
Charleston, South Carolina